UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JEFFREY P. SPRUILL,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBERS
DA-0752-17-0254-I-1
DA-0752-17-0254-C-1

DATE: April 4, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Rogers</u>, San Antonio, Texas, for the appellant.

<u>Robert C. Burlison, III</u>, Esquire, San Antonio, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the compliance initial decision in *Spruill v. Department of Veterans Affairs*, MSPB Docket

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

No. DA-0752-17-0254-C-1 (compliance proceeding), which denied his petition for enforcement of a settlement agreement. As discussed below, we deem the appellant's petition for review also to constitute a petition for review of the initial decision in *Spruill v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0254-I-1 (merits appeal), which dismissed his appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these matters, we JOIN the merits appeal and the compliance proceeding pursuant to 5 C.F.R. § 1201.36. We find that the petitioner has not established any basis under section 1201.115 for granting the petition for review in either matter. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now final. 5 C.F.R. § 1201.113(b).

¶2    Effective February 12, 2017, the agency removed the appellant from his position as a Housekeeping Aid. *Spruill v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0254-I-1, Initial Appeal File (IAF), Tab 10 at 9. The appellant filed an appeal of his removal. IAF, Tab 1. While his appeal was pending, the parties reached a settlement agreement. IAF, Tab 21. In pertinent part, the settlement agreement provided that, "[w]ithin 60 days from the effective date of this Agreement, the Agency will pay to Employee the amount of $15,000." *Id.* at 7, ¶ 2(b). The opening paragraph of the agreement identified the appellant, Jeffrey P. Spruill, as "Employee." *Id.* at 7. The agreement further

provided that "[t]he Employee shall be solely responsible for the payment of attorney fees and costs, if any, related to prosecution of complaints and other actions against the Agency," including his Board appeal. *Id.* at 7-8, ¶¶ 1(b), 4(e). The administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal. IAF, Tab 22, Initial Decision (ID). The initial decision became the Board's final decision on July 10, 2017, when neither party petitioned for review of the decision. ID at 3.

¶3        On August 27, 2017, the appellant's representative filed a petition for enforcement contending that the agency breached the agreement by not depositing the $15,000 payment into the representative's checking account or otherwise confirming the payment with him. *Spruill v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0254-C-1, Compliance File (CF), Tab 1 at 5. The representative stated that he had not been able to contact the appellant to confirm whether the appellant had received the settlement payment. *Id.* During the compliance proceeding, the representative also argued that the settlement agreement was void as a result of the agency's direct communications with the appellant to facilitate payment to him, instead of going through his designated representative. CF, Tabs 8-10.

¶4        After affording the parties appropriate notice of the burdens and elements of proof in a compliance proceeding, providing them with the opportunity to submit evidence and argument in support of their respective positions, and considering the parties' submissions, the administrative judge denied the petition for enforcement, finding that the agency had complied with the terms of the settlement by paying the appellant $15,000. CF, Tab 11, Compliance Initial Decision (CID) at 5. The administrative judge informed the appellant that he could challenge the validity of the agreement by filing a petition for review with the Board regarding the initial decision dismissing his removal appeal as settled. CID at 5 n.4.

¶5     The appellant, through his representative, has filed a petition for review, which was originally docketed solely as a petition for review in the compliance proceeding. *Spruill v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0254-C-1, Petition for Review (C-1 PFR) File, Tabs 1-2. Because the petition raises a claim that the settlement agreement is invalid, the petition has been docketed and considered also as a petition for review of the initial decision dismissing the merits appeal as settled. *Spruill v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0254-I-1, Petition for Review (I-1 PFR) File, Tab 1 at 4-8, Tab 2; *see, e.g.*, *Hazelton v. Department of Veterans Affairs*, [112 M.S.P.R. 357](), ¶¶ 8-9 (2009). In particular, his representative contends that the agency improperly contacted the appellant without notifying him and coerced the appellant into signing a vendor form to receive payment of the settlement amount. I-1 PFR File, Tab 1 at 4-8. He also contends that such actions were an effort to coerce, threaten, or discriminate against the appellant because of his disabilities.[3] *Id.* at 7.

¶6     The Board will only set aside a settlement agreement as invalid under very limited circumstances, including when it is unlawful or was the result of fraud, coercion, or mutual mistake. *See Henson v. Department of the Treasury*, [86 M.S.P.R. 221](), ¶ 5 (2000). Such grounds for invalidating the agreement pertain to defects in the settlement agreement itself or to the circumstances present at the time that the parties signed the agreement. They do not pertain to events occurring after the agreement was signed, including an agency's alleged improper ex parte communication to facilitate a settlement payment. Because the appellant has not identified anything improper about the settlement agreement itself or the circumstances under which he entered into it, we deny his petition for review of

---

[3] The appellant has submitted numerous documents with his petition, all of which are already part of the record and none of which change the outcome of either the merits appeal or compliance proceeding.

the initial decision dismissing the merits appeal as settled.[4] *See Peters v. Defense Commissary Agency*, [59 M.S.P.R. 512](#), 513-14 (1993) (treating allegations that an agency acted in bad faith based on actions taken after a settlement agreement was executed as allegations of breach of the agreement, rather than as a basis for invalidating the agreement).

¶7        We further find no basis to disturb the compliance initial decision, which denied the appellant's petition for enforcement.  On review, there is no dispute with the administrative judge's finding that the agency timely paid the amount required by the settlement agreement.  CID at 5.  Instead, the appellant's representative continues to argue that the agency acted improperly by communicating with the appellant and making this payment directly to him rather than to his representative.  *E.g.*, C-1 PFR File, Tab 1 at 4-8.  We discern no error in the administrative judge's finding that the terms of the settlement agreement provided for payment to the appellant, not his representative.  CID at 4-5; IAF, Tab 21 at 7-8.  Moreover, no term of the agreement forbade communication with the appellant to effectuate the payment or required the payment to go through his representative.  IAF, Tab 21 at 7-10.

¶8        We have considered the appellant's representative's assertions of allegedly improper and coercive "ex parte" communications between agency employees and the appellant that led to this payment being made directly to the appellant without his representative's knowledge or consent.  *E.g.*, C-1 PFR File, Tab 1 at 4-8.  A party may breach a settlement agreement by acting in bad faith concerning a settlement term.  *Burke v. Department of Veterans Affairs*, [121 M.S.P.R. 299](#), ¶ 15 (2014).  "Bad faith" in this context is not simply bad judgment or negligence but instead implies conscious wrongdoing because of dishonest purpose or moral obliquity.  *Id.*  We find that the alleged facts, even if proven, would not support a finding that the agency acted in "bad faith" amounting to a breach of the

---

[4] In light of our finding, we do not address the timeliness of the appellant's petition for review of the initial decision in the merits appeal.  I-1 PFR File, Tab 2 at 1-2, Tab 3.

agreement. The agency communicated with the appellant to arrange for the timely payment to him required by the agreement, and, as a result, he received timely payment. CID at 4-5. We find no indicia of "bad faith" in the agency's actions to comply with the agreement. The appellant's representative's reliance on the Board's regulations regarding "ex parte" communications to demonstrate agency wrongdoing is misplaced. *E.g.*, C-1 PFR File, Tab 1 at 39-42. The regulations at 5 C.F.R. §§ 1201.101—.103 concern a communication between an interested party and a decision-making official of the Board, which is not the basis for his allegation of breach here.[5] *See* 5 C.F.R. § 1201.101(a). The appellant's representative has suggested that the agency's conduct may have been "unethical." CF, Tab 8 at 4, 10. To the extent that the appellant may be asking the Board to sanction the agency attorney, the Board lacks the general authority to enforce state bar rules of professional conduct against attorney representatives in proceedings before the Board, and we make no findings on such issues here. *See Gubino v. Department of Transportation*, 85 M.S.P.R. 518, ¶ 11 (2000); *Christofili v. Department of the Army*, 81 M.S.P.R. 384, ¶¶ 19-21 (1999). Nevertheless, we find nothing in the record before us to suggest it would be appropriate for the Board to invoke the authority it does possess to sanction the agency or its representatives in these circumstances. *E.g.*, 5 C.F.R. §§ 1201.31(d), 1201.43. Therefore, we affirm the compliance initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[5] The appellant's representative has not provided any evidence or allegations of fact to support his speculative assertion that "[b]oth [agency] attorneys may have contacted the [administrative j]udge, which could be ex-parte." C-1 PFR File, Tab 1 at 5. We find that this speculation does not warrant disturbing the compliance initial decision.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for
                                       _____
                                       Jennifer Everling
                                       Acting Clerk of the Board
Washington, D.C.